UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLLIN ETTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-cv-03242-MMM |
| | ) | |
| CALEB NEWELL, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff Collin Etter, proceeding pro se under 42 U.S.C. § 1983 and state law, presently in prison at Stateville Correctional Center, asserts claims for wrongful pretrial detention under the U.S. Constitution and malicious prosecution under state law.

Plaintiff's Motion for Leave to Amend (Doc. 5) is GRANTED.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**<u>Allegations</u>**

On May 11, 2025, Plaintiff's car was stolen. At 12:00 a.m. on May 12, Defendant Newell, an Adams County Sheriff's Deputy, initiated a stop of Plaintiff's car. The car fled. Newell initially chased the car, then terminated pursuit. At 12:05 a.m. Plaintiff's car crashed. Newell responded to the scene at 12:10 a.m. No suspects were at the crash site. A firearm was recovered near the crash scene. At 12:15 a.m. Christian Lawary arrived at the crash scene, stating to Defendant Newell that he (Lawary) had just returned from St. Louis and that Plaintiff was the one driving the car at the time of the crash.

Plaintiff called 911 at 8:00 a.m. on May 12 and reported his car stolen. He also reported his car stolen to his insurer. Plaintiff stated he did not know who stole his car but that "Christian Lawary could of possibly" stolen it. Defendant Newell refused "to honor" Plaintiff's stolen vehicle report. Newell also contacted Plaintiff's insurer and falsely stated that Plaintiff had crashed the car himself. Newell refused to listen to Plaintiff's account of what occurred (note Plaintiff does not allege Newell heard and disbelieved Plaintiff – rather Plaintiff alleges Newell refused to even hear Plaintiff).

Lawary sought and obtained a warrant, and caused Plaintiff's arrest and continued detention, all in reckless disregard for the truth and in the absence of probable cause that a crime had been committed. Newell new that Lawary's veracity, reliability, and basis of knowledge for his statements implicating Plaintiff were so lacking that they did not supply probable cause. Newell took no steps to investigate Lawary's non-credible allegations. Newell arrested Plaintiff with no evidence. Newell

Page **2** of **5**

applied for a warrant and should have known that the application was not supported by probable cause. Newell intentionally lied and recklessly misled the judge that issued the warrant.

Plaintiff was charged with fleeing and eluding and felon in possession of a firearm. The state later dismissed the charges against Plaintiff.

### Analysis

Plaintiff states a claim for a violation of the Fourth Amendment of the United States Constitution and a claim for malicious prosecution under Illinois law, against Defendant Newell. *Mack v. City of Chicago*, 151 F.4th 887, 895 (7th Cir. 2025); *Beaman v. Freesmeyer*, 131 N.E.3d 488, 500 (Ill. 2019). A developed record is required to correctly assess the merits of Plaintiff's claims.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion for Leave to Amend [5] is GRANTED. Clerk to docket amended complaint.**

2. **Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a plausible Fourth Amendment claim and Illinois law malicious prosecution claim against Defendant Newell. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

3. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

4. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the**

court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendant is hereby granted leave to depose the plaintiff. Counsel for the defendant shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

10. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 27th day of October, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
